**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

```
*****************************************************************
                                )
IN RE:                          )    Bktcy. 05- 20727 MBM
                                )
JAMES T. GERESHENSKI and MARY   )    Chapter 7
C. GERESHENSKI                  )
                                )
    Husband and Wife            )
                                )
    DEBTORS                     )
                                )
*****************************************************************
                                )
JAMES R. WALSH, ESQUIRE,        )
TRUSTEE OF THE BANKRUPTCY       )    Doc. # ____
ESTATE OF JAMES T. GERESHENSKI  )
                                )    Hearing date:
    Plaintiff                   )
                                )    Hearing Time:
        v.                      )
                                )    Adv. 09-
WHITEHAVEN P. I. FUND, L.L.C.   )
                                )
    Defendant                   )
                                )
                                )
                                )
                                )
                                )
*****************************************************************
```

**ORDER OF COURT**

    **AND NOW**, to wit, this ____ day of _____, 20___, the Court having considered the pending Complaint Of Chapter 7 Trustee To Determine That Purported Security Interest In Estate Property Is Null, Void And Unenforceable Under Section 364, Or To Avoid Unauthorized Post-Petition Transfer Pursuant To 11 U.S.C. Section 549, Together With Complaint To Determine Validity And Extent, If Any, Of Claim Of Defendant Against This Estate, and all Responses filed thereto, and having held hearing thereon as required by law, and having considered the evidence presented and the Briefs and Arguments of counsel **IT IS HEREBY ORDERED, ADJUDGED, DETERMINED, FOUND AND DECREED that:**

    1.    The Debtors, James T. Gereshinski ("James") and Mary C. Gereshinski ("Mary" and collectively "Gereshinskis") are individuals who are husband and wife and who commenced the instant case by filing a joint voluntary petition for relief

pursuant to the provisions of Chapter 7 of Title 11 of the U.S. Code, 11 U.S.C. § 101, et seq., on January 21, 2005.

2. This proceeding is a "core" proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. Sections 157 and 1334.

3. The Plaintiff, James R. Walsh, Esquire, Trustee of the Bankruptcy Estate of James T. Gereshinski (the "Trustee") is the Chapter 7 Trustee of said Bankruptcy Estate, and has a mailing address of Spence, Custer, Saylor, Wolfe & Rose, LLC, P.O. Box 280, Johnstown, Pa., 15907.

4. Whitehaven P.I. Fund, L.L.C. ("Whitehaven") is a Corporation with a mailing address of Attn: Frank Riech, President, 350 Fifth Ave., Suite 5701, New York, New York, 10118.

5. The United States Trustee heretofore appointed the said James R. Walsh, Esquire as Interim Trustee of this case pursuant to 28 U.S.C. Section 701 of the Code.

6. The said James R. Walsh, Esquire conducted the Section 341 meeting and serves as Chapter 7 Trustee of this case pursuant to Section 702(d) of the Code.

7. The Debtors, in Schedule B, did not indicate that he/they held any claims against any third party or parties including but not limited to contingent, disputed or unliquidated claims, particularly including but not limited to a claim for uninsured motorist coverage under a policy of insurance.

8. The Debtor James, in response to an inquiry by the Interim Trustee at the Section 341 meeting, affirmatively stated that he/they did not have any claims against any third party or parties and that no one owed him/them any money.

9. The Debtor Mary did not attend the scheduled 341 meeting, or any of two additional rescheduled 341 meetings, and said case, was, as to Mary, dismissed.

10. An examination of the Debtors' petition, schedules and Statement of Financial Affairs, together with an examination of James at the Section 341 Meeting led to the conclusion that there were no assets available for distribution to creditors of this Estate.

11. Based upon the above, a No Asset Report was filed in the above case as to James on or about April 6, 2005.

12. The Debtor James was issued a discharge in the above case on June 7, 2005.

13. A Final Decree was entered in the above case on February 16, 2007, and said case was closed.

14. Though not disclosed in his Bankruptcy Petition or schedules, the Debtor had sustained injuries as the result of an automobile accident that were incurred on September 4, 2004, which was almost 5 months prior to the commencement of the Bankruptcy case, thereby resulting in any claim(s) arising from the accident against any third party, including but not limited to James' automobile insurance company for uninsured or underinsured coverage, being property of the Bankruptcy Estate.

15. Without disclosing the same to the Chapter 7 Trustee, the Debtor James retained James Spadafore, Esquire as counsel to represent his interests in causes of action arising out of said automobile accident.

16. The Debtor James dismissed Atty. Spadafore from his representation on November 24, 2004, thereby clearly and unequivocally establishing that the Debtor James was aware of his cause of action prior to the commencement of this case.

17. Thereafter, the Debtor James retained Atty. Anthony Rosner to represent him in said causes of action, and said Atty. Rosner referred the case to present counsel in the claims at issue, Atty. Timothy McNair, Esquire, who entered into a Contingent Fee Agreement with the Debtor dated June 3, 2005, which was shortly after the 341 meeting and a mere 4 days before the date of the granting of the Debtor's discharge.

18. Thereafter, the Debtor James, through Attorney McNair, filed/caused to be filed a Complaint in the Court of Common Pleas of Erie County, Pa., against Ryan Ochs and Lacey's Towing Service, said action being filed to No. 12847- 2005.

19. Subsequently, it was determined that the named Defendants did not have automobile insurance coverage that would provide coverage for the claims at issue.

20. Upon discovery of the above, a claim was filed against Allstate Insurance Company, the Debtor James' insurer, for uninsured motorist coverage.

21. As the result of the interchange of information between the Debtor James and Allstate, Allstate offered, on or about May 20, 2008, the sum of $85,000 to settle the claims at issue under said uninsured coverage.

22. At no time from the time of the retention of counsel through May of 2008 did the Debtor James or anyone acting on his behalf advise the Court or the Trustee of the pendency of the claim against Allstate for uninsured coverage.

23. By letter dated May 8, 2008, Allstate advised the Debtor's counsel that it had become aware of the prior bankruptcy (the instant case) and by follow up letter of May 15, 2008, advised the Debtor's counsel that any settlement would have to involve the Bankruptcy Estate.

24. Thereafter, the Debtor filed/caused to be filed, on August 27, 2008, a Motion To Reopen this case.

25. The Court, after notice and hearing, entered an Order dated October 8, 2008, granting the Motion To Reopen.

26, Section 554 provides, in relevant part, that:

"…(c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

(d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate."

27. As the debtor's interest in the claim against Allstate was not scheduled, and was not disclosed to the Trustee under the Trustee's questioning of the Debtor at the Section 341 meeting, the claim against Allstate was not abandoned to the debtor by virtue of the earlier closing of the estate, and, pursuant to Section 549(d), the said claim remained property of this estate.

28. As such, upon the reopening of this estate pursuant to this Court's Order of October 8, 2009, the said claim against Allstate was and remained property of this estate.

29. Thereafter the Chapter 7 Trustee filed an Application To Approve Appointment Of Special Counsel For The Estate, seeking, inter alia, authority to retain Attorney McNair as special counsel to represent the estate's interest in the claim v Allstate Insurance Company.

30. The Court, by Order dated January 9, 2009, authorized and approved the retention of Attorney McNair to serve as special counsel to the estate, the provisions of said Order being incorporated herein by reference.

31. Attorney McNair has obtained an offer from Allstate to settle the claim for the sum of $115,000, which he has recommended be accepted.

32. In evaluating the advisability of whether to accept or not accept said offer of settlement, Attorney McNair advised the Trustee that the Debtor, on or about August 21, 2007, which was after the commencement of this Bankruptcy Case, had entered into a Plaintiff Agreement with Whitehaven, whereby Whitehaven agreed to advance to or on behalf of the Debtor the sum of $20,000.00, in return for which the Debtor was to accord Whitehaven a security interest in and to the above referenced claim against Allstate, a copy of said Plaintiff Agreement being attached to the Complaint as Ex. "A".

33. On August 21, 2007, the Debtor executed and delivered to Whitehaven a Plaintiff's Lien In Favor Of Whitehaven P.I. Fund LLC And Attorney Acknowledgement, a copy of which is attached to the Complaint as Ex. "B".

34. Whitehaven did on or about August 21, 2007, advance to or on behalf of the Debtor the sum of $20,000.

35. The purported granting of the security interest by the Debtor was not authorized by this Court, as required to accord an entity an interest in estate property under Section 364.

36. As the "claim" at issue was, on August 21, 2007, not property of the Debtor, but rather, property of the Bankruptcy Estate, the Debtor lacked the authority and capacity to accord Whitehaven any interest in the claim at issue.

37. On November 18, 2009, the Trustee received a copy of a letter from Attorney McNair addressed to Whitehaven seeking to have Whitehaven contact him to discuss the status of its position.

38. On November 30, 2009, the Trustee received a letter dated November 24, 2009 from Attorney McNair addressed to Whitehaven, wherein Attorney McNair stated "… Therefore, your pay-off request of $82,725.21 is simply not realistic.", leading the Trustee to conclude that, although not provided to the Trustee by Attorney McNair or any other party, Whitehaven had contacted Attorney McNair pursuant to his letter of November 16, 2009 and Whitehaven was asserting a claim that was being alleged to be secured by the proceeds of the claim against Allstate and its resulting settlement proceeds by virtue of the above referred to transaction with the Debtor of August 21, 2007 in the amount of $82,725.21.

39. In addition, Attorney McNair has advised that his counsel fees total $38,333.00, and his costs advanced total $971.23, such that the amounts claimed and being claimed due by Attorney McNair and Whitehaven would exceed the amount of the offered settlement.

5

40. The Trustee cannot proceed to accept or reject the settlement offer or evaluate the same until it is determined whether the asserted security interest of Whitehaven in and to the claim against Allstate and its resulting settlement proceeds is cognizable and allowable as a secured claim, and further, whether said claim is to any extent allowable as a claim against this estate that is entitled to share in the distribution of the assets of this estate.

41. Based upon the above, that under the facts of this case, the Court finds that the security interest and assignment against the claim against Allstate and its settlement proceeds that was purported to be effected by the August 21, 2007 documents is null, void, and unenforceable as not having been authorized by the Court under Section 364, and as such, the Bankruptcy Estate holds ownership of the claim against Allstate and any resulting settlement proceeds free and clear of any right, title or interest of Whitehaven.

42. Based upon the above, the Court finds that under the facts of this case, since the Whitehaven claim against the Debtor arose, to the extent it is a valid claim against the Debtor to any extent, after the commencement of this case, that the claim is not a cognizable claim against this Bankruptcy Estate and that Whitehaven is not entitled to share in any distribution of the assets of this estate.

**BY THE COURT:**

_____
**M. BRUCE McCULLOUGH**
**UNITED STATES BANKRUPTCY JUDGE**

JRW/Laptop III/Gereshinski, James/Order Upon Complaint v Whitehaven P.I. Fund, LLC/12-2-09